# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**NELSON ISAIAS RIVAS ALONSO,**
        **Petitioner,**

    **v.**                               **Case No. 25-C-1660**

**SAM OLSON[1], et al.,**
        **Respondents.**

---

## ORDER TO SHOW CAUSE

On October 28, 2025, this court received a petition for a writ of habeas corpus under 28 U.S.C. § 2241 from Nelson Isaias Rivas Alonso.  The petition indicates that Rivas Alonso is being detained at the Dodge County Jail in Juneau, Wisconsin pending removal proceedings. He alleges that the government is unconstitutionally denying his Due Process rights under the Fifth Amendment of the Constitution by reclassifying his detention as pursuant to 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226, thereby unlawfully detaining him.

Section 2243 of Title 28 of the United States Code states as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[1] Rivas Alonso is challenging his present physical confinement, a "core" habeas case, which makes Scott Smith, Dodge County Jail Administrator, the correct respondent under the "immediate custodian" rule. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006). However, because his petition also seeks a declaration that the detention violates the Immigration and Naturalization Act and the Due Process Clause of the Fifth Amendment, I will not dismiss the other respondents because this constitutes a "non-core" habeas request. *See Kholyavskiy*, 443 F.3d at 952–53.

I will order the respondent to show cause why the writ should not be granted.

Under § 2243, a response to an order to show cause is due within three days. However, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, a court is authorized to apply the § 2254 rules to any habeas corpus petition, and under Rule 4 of those rules, a court has wide discretion in setting the deadline for filing a response to a petition. *See Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994). I conclude that ten days is a reasonable period of time for preparing a response to this order and will require the respondent to file a response within that time.

Accordingly, **IT IS ORDERED** that, **within ten days of service of this order**, respondent shall show cause why the petition for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that if petitioner intends to file a reply to respondent's answer, petitioner must do so within **five days of the date when the answer is filed**. If petitioner does not intend to file a reply, petitioner may advise the court so that the petition can be resolved expeditiously.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order along with the petition and all exhibits on the respondents.

Dated at Milwaukee, Wisconsin, this __29th__ day of October, 2025.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge

2