# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NELSON ISAIAS RIVAS ALONSO,**
    **Petitioner,**

  v.               Case No. 25-CV-1660

**SAM OLSON, et al.,**
    **Respondents.**

## DECISION AND ORDER

  Petitioner Nelson Isaias Rivas Alonso is a Honduran national who entered the United States as an unaccompanied minor on February 22, 2013. On August 12, 2025, petitioner was arrested by Immigration and Customs Enforcement ("ICE") officials and detained in the Dodge Detention Facility in Juneau, Wisconsin pending removal proceedings. On October 21, 2025, an immigration judge ("IJ") determined that petitioner was not a danger to the community or a flight risk, and indicated that he would have granted petitioner a bond between $3,000 and $5,000 but for the current case law from the Board of Immigration Appeals ("BIA"). On October 28, 2025, petitioner filed the instant petition. He alleges that the government is violating the Immigration and Naturalization Act ("INA") by classifying his detention as pursuant to 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226 and unconstitutionally denying his Due Process rights under the Fifth Amendment. For the reasons outlined below, I find that petitioner is correctly classified

as a noncitizen[1] subject to 8 U.S.C. § 1226. I order that petitioner be provided with a bond redetermination hearing under Section 1226 within five days of the entry of this order.

## I.  BACKGROUND

Petitioner is a citizen of Honduras who entered the United States as an unaccompanied minor in February of 2013. ECF No. 1 ¶ 42. He was apprehended near the Texas border with Mexico two days after his arrival by the Department of Homeland Security ("DHS"). *Id.* ¶ 43; ECF No. 3-1 at 10. That day, he was issued a Notice to Appear for removal proceedings, stating that he should appear "on a date to be set at a time to be set." ECF No. 1 ¶ 45; ECF No. 3-1 at 14. Because he was a minor, petitioner was then transferred to the jurisdiction of the Office for Refugee Resettlement which eventually released him to live with a cousin. ECF No. 1 ¶¶ 47–48; ECF No. 3-1 at 3–6. Petitioner's cousin "treated [him] very badly," so he then went to live with his brother. ECF No. 4-2 ¶ 2. For one reason or another,[2] petitioner did not attend his immigration hearing and was ordered removed from the United States *in absentia* on January 27, 2015. ECF No. 1 ¶¶ 51–55.

Petitioner was attending a traffic court hearing for driving without a license on August 12, 2025 when he was detained by ICE officials. *Id.* ¶ 59. He subsequently filed a motion to reopen his removal proceedings and rescind the *in absentia* removal order, which was granted on September 8, 2025. ECF No. 15 ¶ 7. On October 21, 2025, an IJ

---

[1] Throughout this order I use the term "noncitizen" rather than "alien," which is the term used through the Immigration and Nationality Act. I intend for these terms to be equivalent.

[2] The petition cites to an affidavit which does not include the same details given in the petition. With that said, the affidavit also does not contradict the details in the petition. In any case, the exact reason for petitioner's absence at the hearing is immaterial.

2

held a bond redetermination hearing for petitioner and found that petitioner was not a flight risk or a threat to the community. ECF No. 4 ¶¶ 3, 8. As a result, the IJ stated that he would ordinarily have granted petitioner bond between $3,000 and $5,000, but that he lacked jurisdiction to do so based on a recent decision from the BIA, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 9. Therefore, petitioner has been detained without the opportunity for bond since his arrest on August 12, 2025.

## II. DISCUSSION

I briefly note that there are no jurisdictional bars impeding my ability to hear the matter at hand. *See López de la Cruz v. Schmidt*, No. 25-CV-1562-LA, at 3–6 (E.D. Wis. Nov. 19, 2025). Moreover, this habeas petition, brought under Section 2241, alleges that petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner remains in detention at Dodge Correctional Institution, meeting the "in custody" requirement of Section 2241. Lastly, I note that I have not held any hearings on this matter, but I need not do so when a petition presents only questions of law. *Storm v. U.S. Parole Commission*, 667 F. App'x 156, 158 (7th Cir. 2016) (citing 28 U.S.C. § 2243). Thus, I proceed to the merits of this petition.

I recently explained why, in general, noncitizens who are apprehended by ICE and detained pending removal proceedings are subject to Section 1226, not Section 1225 as respondents argue. *See López de la Cruz*, No. 25-CV-1562-LA, at 7–13. Therefore, the question here is whether there is anything about petitioner that changes this general rule. I find there is not.

As in *López de la Cruz*, petitioner was arrested while present, or living, in the United States. He was neither geographically nor temporally close to his entry into the United States. Petitioner has lived in the United States over twelve years and was

3

Case 2:25-cv-01660-LA    Filed 11/20/25    Page 3 of 6    Document 18

held a bond redetermination hearing for petitioner and found that petitioner was not a flight risk or a threat to the community. ECF No. 4 ¶¶ 3, 8. As a result, the IJ stated that he would ordinarily have granted petitioner bond between $3,000 and $5,000, but that he lacked jurisdiction to do so based on a recent decision from the BIA, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 9. Therefore, petitioner has been detained without the opportunity for bond since his arrest on August 12, 2025.

## II. DISCUSSION

I briefly note that there are no jurisdictional bars impeding my ability to hear the matter at hand. *See López de la Cruz v. Schmidt*, No. 25-CV-1562-LA, at 3–6 (E.D. Wis. Nov. 19, 2025). Moreover, this habeas petition, brought under Section 2241, alleges that petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner remains in detention at Dodge Correctional Institution, meeting the "in custody" requirement of Section 2241. Lastly, I note that I have not held any hearings on this matter, but I need not do so when a petition presents only questions of law. *Storm v. U.S. Parole Commission*, 667 F. App'x 156, 158 (7th Cir. 2016) (citing 28 U.S.C. § 2243). Thus, I proceed to the merits of this petition.

I recently explained why, in general, noncitizens who are apprehended by ICE and detained pending removal proceedings are subject to Section 1226, not Section 1225 as respondents argue. *See López de la Cruz*, No. 25-CV-1562-LA, at 7–13. Therefore, the question here is whether there is anything about petitioner that changes this general rule. I find there is not.

As in *López de la Cruz*, petitioner was arrested while present, or living, in the United States. He was neither geographically nor temporally close to his entry into the United States. Petitioner has lived in the United States over twelve years and was

arrested at a courthouse in Wisconsin. In addition, petitioner has no criminal history that would make him subject to mandatory detention under Section 1226(c). [3] *See* 8 U.S.C. § 1226(c).

There is only one potentially material difference between the petitioner in *López de la Cruz*: unlike that petitioner, the petitioner here was initially apprehended upon entry into the United States, detained for some time, and ultimately released of his own recognizance to appear at a later time. But, as petitioner notes, respondents only briefly suggest that this might matter but offer no argument or evidence as to why it does. ECF No. 14 at 2. I see no reason why this would change any of my analysis. There is no language in the statute to suggest that detainment is based upon a noncitizen's *first* interaction with immigration officials. Therefore, I find that the petitioner is eligible for bond under Section 1226(a).

Finally, petitioner asks me to issue a writ "requiring that Respondents release Petitioner upon the payment of bond of $3,000 as indicated by the immigration judge." I cannot grant this request. First, the only information or evidence before me about what the IJ would have done if he believed petitioner was subject to Section 1226 is an extremely sparse recounting from one of petitioner's attorneys in the form of an affidavit. Secondly, and more importantly, Section 1226 does not mandate that a noncitizen be given bond. Instead, it provides that a noncitizen *may* be given bond at the discretion of the Attorney General. I am jurisdictionally barred from reviewing the Attorney General's discretionary actions. *See* 8 U.S.C. § 1226(e). Therefore, I can only order that petitioner be provided with a bond reconsideration hearing where he is afforded the rights and

---

[3] Petitioner's only interactions with law enforcement have been traffic violations for driving without a license. ECF No. 4-2 ¶ 3.

option for release under Section 1226(a). Respondents must do so within five days of the entry of this order.

Having determined that the basis for petitioner's detainment violates the INA, I do not need to reach petitioner's constitutional arguments and will not do so. A writ of habeas corpus under Section 2241 may be granted if petitioner is "in custody in violation of the Constitution *or* laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). I have found that respondent's custody is in violation of the INA, a law of the United States, because it is incorrectly applying 8 U.S.C. § 1225 instead of 8 U.S.C. § 1226. **If petitioner remains in custody and has not received a hearing for bond reconsideration within five days of the entry of this order, petitioner may renew his Fifth Amendment Due Process claims.**

### III. MOTION TO SEAL

Petitioner also files a motion to seal certain documents: Exhibits A, B, and E to the Declaration of Allison Mignon (ECF No. 9); and Exhibit C to the Declaration of Gabriela Parra (ECF No. 10). As petitioner notes, the public generally has a right to access the records of court cases. Although the motion to seal is unopposed, I have an obligation to the public to ensure that court filings remain open to public review unless good cause for restricting them is shown. *Cargil Inc. v. Bingenheimer*, No. 17-CV-300, 2020 WL 1309970, at *6 (E.D. Wis. Mar. 19, 2020). "Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)). Transparency in the judicial record is imperative so that members of the public can understand judicial decisions and monitor the judiciary. *Id.* However, the presumption is rebuttable on the basis of a number of compelling reasons for privacy. *Id.*

5

In this case, I am satisfied that the documents contain information that should be kept private. Exhibits A, B, and E to the Declaration of Allison Mignon contain the full name of petitioner's minor child. These may not be filed in federal court under Fed. R. Civ. P. 5.2(a). I will accept petitioner's public-facing redacted versions, which are Exhibits C, D, and F of the Declaration of Mignon. Exhibit C to the Declaration of Gabriela Parra is a detailed psychological evaluation of petitioner's mental health. This document did not "form[] the basis of the parties' dispute [or] the district court resolution," and therefore is not subject to the presumption that court filings must be made available to the public. *Goesel*, 738 F.3d at 833. There need not be any public-facing version of this document.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Within five days of the entry of this order, petitioner must be given a bond reconsideration hearing, where the conditions and possibility of bond are analyzed under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** that the motion to seal (ECF No. 8) is **GRANTED**. Exhibits A, B, and E to the Declaration of Allison Mignon (ECF No. 9); and Exhibit C to the Declaration of Gabriela Parra (ECF No. 10) will be sealed.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2025.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge